IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TRINA JOHNSON,<br><br>     Plaintiff,<br><br>     v.<br><br>CITY OF ATLANTA, et al.,<br><br>     Defendants. | CIVIL ACTION FILE<br>NO. 1:23-CV-4709-TWT |

**OPINION AND ORDER**

This is a Federal Tort Claims Act case. It is before the Court on Defendant United States of America's Motion to Dismiss [Doc. 15], Defendant City of Atlanta's Motion for Leave to File Motion for Judgment on the Pleadings [Doc. 20], Defendant City of Atlanta's Motion for Judgment on the Pleadings [Doc. 21], and Plaintiff Trina Johnson's Motion for Leave to File an Amended Complaint [Doc. 23]. As detailed below, the Defendant United States's Motion to Dismiss [Doc. 15] is DENIED, Defendant City of Atlanta's Motion for Leave to File Motion for Judgment on the Pleadings [Doc. 20] is GRANTED, Defendant City of Atlanta's Motion for Judgment on the Pleadings [Doc. 21] is GRANTED, and the Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 23] is GRANTED.

I.    Background[1]

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941

On November 20, 2021, Plaintiff Johnson was a ticketed passenger scheduled to fly from Atlanta, Georgia to Des Moines, Iowa. (Compl. ¶ 9). While she was waiting to be screened at the Main Security Checkpoint at Hartsfield-Jackson Atlanta International Airport, TSA agents identified a suspicious bag that belonged to Kenny Wells. (*Id.* ¶¶ 2, 11). The Plaintiff alleges that TSA agents identified the suspicious item as a firearm. (*Id.* ¶ 11). The TSA agent did not remove the firearm from the screening area to a secured area and instead enabled Wells to reach into the parcel and fire the firearm at the security checkpoint. (*Id.* ¶ 12). A "chaotic trampling" ensued during which Plaintiff Johnson was severely injured in her right knee and back, requiring surgical intervention and ongoing medical treatment. (*Id.* ¶¶ 13-14). As a result of these events, Plaintiff Johnson asserts negligence claims against both the United States and the City of Atlanta.

## II.   Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the

---

F.3d 1116, 1122 (11th Cir. 2019).

possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Amwi. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." A court should grant a motion for judgment on the pleadings where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005). "A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6)." *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018).

When a party is not entitled to amend its pleading as a matter of course, it must obtain the opposing party's consent or the court's permission to file an amendment. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that a court should "freely" give leave to amend a pleading "when justice so requires." *Id.* Although a discretionary decision, the Eleventh Circuit has explained that "district courts should generally exercise their discretion in favor of allowing amendments to reach the merits of a dispute." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1000 (11th Cir. 2021). Generally, "where a more carefully drafted complaint might state a claim, a plaintiff must be given *at least one* chance to amend the complaint before the district court dismisses the action with prejudice." *Garcia v. Chiquita Brands Int'l, Inc.*, 48 F.4th 1202, 1220 (11th Cir. 2022) (citation omitted). There are three exceptions to this rule: "(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Id.* (citation and alteration omitted).

### III.  Discussion

The Court starts its discussion by analyzing whether Plaintiff Johnson adequately state claims for negligence against the United States and the City of Atlanta. It then turns to Plaintiff Johnson's Motion for Leave to Amend.

4

### A. Failure to State a Claim

The United States moves to dismiss and the City of Atlanta moves for judgment on the pleadings[2] on the same basis. Both argue that Plaintiff Johnson has not provided adequate factual allegations to support her negligence claims. (United States's Br. in Supp. of Mot. to Dismiss, at 4-5; City of Atlanta's Br. in Supp. of Mot. for J. on the Pleadings, at 4-6). The Court finds that Plaintiff Johnson has sufficiently alleged a claim against the United States but has not done so against the City of Atlanta.

"In Georgia, the essential elements of a cause of action for negligence are: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Persinger v. Step By Step Infant Dev. Ctr.*, 253 Ga. App. 768, 769 (2002).[3] Both Defendants raise the

---

[2] The City of Atlanta has made a Motion for Leave to File a Motion for Judgment on the Pleadings [Doc. 20]. Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The City of Atlanta has answered the complaint and has not filed any cross- or counter-claims. (*See* City of Atlanta's Answer, Doc. 9). Therefore, the pleadings here are closed. *See Lillian B. ex rel. Brown v. Gwinnett Cnty. Sch. Dist.*, 631 F. App'x 851, 853 (11th Cir. 2015). Considering the posture of the case, the Court finds that the City of Atlanta's Motion will not delay trial. Given the above and the lack of opposition by the Plaintiff Johnson, the Court grants the City of Atlanta's Motion for Leave to File a Motion for Judgment on the Pleadings [Doc. 20].

[3] The FTCA provides that the United States is liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The Supreme Court has held that "the extent of the United States' liability under the FTCA is generally determined by

argument that Plaintiff Johnson has failed to plausibly allege a breach of duty. Plaintiff Johnson alleges that the United States breached its legal duty "by failing to adhere to TSA policy and procedures when TSA agents did not remove the dangerous firearm and luggage from the Subject Security Checkpoint to a secured area upon verified suspicion of a dangerous firearm." (Compl. ¶ 18). The City of Atlanta allegedly breached its legal duty "by failing to adhere to its policy and procedures to provide reasonable security, warning or protection when it allowed for panic and chaos after the discharge of Mr. Wells' firearm and his subsequent flight with the firearm from the security checkpoint." (*Id.* ¶ 24).

Each Defendant contends that Plaintiff Johnson's allegations about their breach is insufficient because she fails to identify which specific policy was violated. (United States's Br. in Supp. of Mot. to Dismiss, at 4; City of Atlanta's Br. in Supp. of Mot. for J. on the Pleadings, at 5). Both Defendants cite to *Govan v. U.S. Dep't of Veterans Affs.*, 787 F. App'x 599, 602-03 (11th Cir. 2019) for support. (*Id.*). In that case, the court affirmed a dismissal of a negligence claim because the complaint "for the most part, d[id] not identify what specific VA policies were violated, who violated them, or how exactly they were violated." *Govan*, 787 F. App'x at 602-03. The court noted that the

---

reference to state law." *Molzof v. U.S.*, 502 U.S. 301, 305 (1992) (compiling cases).

6

plaintiff did "identify with some particularity" an alleged VA policy that was violated by disclosing confidential information over the phone. *Id.* at 603. However, that was not enough to save the negligence claim because the plaintiff did not "specify which VA personnel allegedly violated that policy, nor d[id] he allege that he suffered any injury as a result of the violation." *Id.*

Here, the Court concludes that Plaintiff Johnson has failed to plausibly allege a breach as to the City of Atlanta. Plaintiff Johnson pleads that the City of Atlanta "allowed for panic and chaos after the discharge of Mr. Wells' firearm and his subsequent flight with the firearm from the security checkpoint." (Compl. ¶ 24). This, however, does not provide any notice whatsoever as to how the City of Atlanta "allowed" for the panic and chaos to ensue or what actions or omissions the City of Atlanta took that failed to meet its duty of ordinary care. Plaintiff Johnson disagrees and points to *Stryker v. City of Atlanta*, 738 F. Supp. 1423 (N.D. Ga. 1990) for support. (Pl.'s Br. in Opp'n to Mot. for J. on the Pleadings, at 6-8).

*Stryker* is distinguishable. In that case, the plaintiff alleged he was travelling with two female companions when they encountered two men at the airport. *Stryker*, 738 F. Supp. at 1425. The two men followed them making unseemly comments, hurling insults, and grabbing the breasts of one of the plaintiff's companions. *Id.* After following the plaintiff and his companions outside to the ground transportation area, the two men verbally harassed them

and pushed the plaintiff several times. *Id.* The plaintiff looked for assistance but could find none and instead began yelling for help. *Id.* While one of the men shoved, punched, and kicked plaintiff to the ground, the other held would-be rescuers at bay with a pocketknife. *Id.* "[N]o police or airport security were anywhere to be found during the entire episode." *Id.* The plaintiff sued the City of Atlanta, and "the gravamen of plaintiff's complaint [wa]s that defendant's failure to provide the level of protection necessary to meet the requirements of Federal Aviation Regulations constitutes actionable negligence." *Id.* at 1428. In other words, the plaintiff alleged that the City of Atlanta breached its duty "to provide the quality and quantity of police services necessary for the protection of the traveling public," as required by federal law. *Id.*

In this case, Plaintiff Johnson does not assert that the City of Atlanta violated any federal law. Nor does she allege that the City of Atlanta should have provided more police services in the airport. She simply alleges that the City of Atlanta "allowed for panic and chaos" after a firearm was discharged at the airport security checkpoint. This is insufficient to allege breach without detail as to how the City of Atlanta failed to act as an ordinary property owner would have. Consequently, the negligence claim against the City of Atlanta is dismissed, and the City of Atlanta's Motion for Judgment on the Pleadings is

8

granted.[4]

By contrast, Plaintiff Johnson does identify a specific policy that the United States (through the TSA and its agents) allegedly violated. She pleads that the United States "fail[ed] to adhere to TSA policy and procedures when TSA agents did not remove the dangerous firearm and luggage from the Subject Security Checkpoint to a secured area upon verified suspicion of a dangerous firearm." (Compl. ¶ 18). This allegation plainly identifies a policy that the TSA assertedly has: when a TSA agent has a verified suspicion that a parcel contains a dangerous firearm, they are required to take the parcel to a secured area for further inspection. Thus, the Court does not agree with the United States's assertion that the complaint "neglects to identify any applicable policy or procedure at all." (United States's Br. in Supp. of Mot. to Dismiss, at 4).

The United States further argues that Plaintiff Johnson has failed to adequately allege a breach because she alleges that TSA agents "enabled Mr. Wells to reach into the suspicious parcel and fire the dangerous firearm"

---

[4] Because a claim for attorney's fees under O.C.G.A. § 13-6-11 is a derivative claim and the only substantive claim against the City of Atlanta is dismissed, Plaintiff Johnson's request for attorney's fees is also dismissed. *Lamb v. Salvage Disposal Co. of Ga.*, 244 Ga. App. 193, 196 (2000) ("OCGA § 13-6-11 does not create an independent cause of action but merely permits in certain limited circumstances the recovery of the expenses of litigation incurred as an additional element of damages." (citation omitted)).

without explaining how the agents "enabled" that action. (*Id.* at 4). The Court disagrees. The context surrounding the quoted statement provides sufficient meaning to the word "enabled" to survive a motion to dismiss. Plaintiff Johnson pleads that the TSA agents identified a dangerous firearm in Mr. Wells's bag. (Compl. ¶ 11). She then alleges that the TSA agents did not remove the bag to a secured area after making that identification. (*Id.* ¶ 12). At that point, she states that the TSA agents "enabled" Wells to reach into the bag and fire the firearm, and she attaches a picture that purportedly shows a bag on a TSA screening table with Mr. Wells on one side and a TSA agent on the other. (*Id.*). From this, the Court finds it apparent that the TSA agents allegedly "enabled" Wells by putting a bag that was previously identified as having a dangerous firearm in arms reach of Wells rather than a secure area and by then not taking action to prevent him from gaining access to the firearm. This is not too vague or threadbare to warrant dismissal.

  Finally, the United States asserts that the negligence claim against it should be dismissed for failure to state specifically how she was injured. (United States's Br. in Supp. of Mot. to Dismiss, at 5). As to her injuries, Plaintiff Johnson alleges, "[a]s a direct result of the active shooter and ensuing chaos enabled by the negligence of Defendant USA and Defendant City of Atlanta, Ms. Trina Johnson was severely injured in her right knee and back, requiring surgical intervention and ongoing medical treatment." (Compl. ¶ 14).

10

While the Court agrees that Plaintiff Johnson's allegations could be more specific as to how she sustained her injuries, a "plaintiff need not set forth all the facts upon which the claim is based; rather, a short and plain statement of the claim is sufficient if it gives the defendant fair notice of what the claim is and the grounds upon which it rests." *Harris v. Procter & Gable Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996) (citation omitted). Plaintiff Johnson's injury allegation identifies where she was injured—"in her right knee and back"—and the severity of her injury—"requiring surgical intervention and ongoing medical treatment." (Compl. ¶ 14). She also alleges that it was suffered as a "direct result" of the "chaos" that ensued after the firearm was discharged. (*Id.*). The exact details of how she sustained her injuries (e.g., whether she tripped on something while running away, whether another individual bumped into her, etc.) may be fully flushed out in discovery. The Court finds that the allegation provides sufficient detail to, at the very least, give the United States "fair notice of what the claim is and the grounds upon which it rests." *Harris*, 73 F.3d at 324 (citation omitted). Because the Court holds that Plaintiff Johnson has plausibly stated a negligence claim, the United States's Motion to Dismiss is denied.

### B. Leave to Amend

Since the Court has concluded that Plaintiff Johnson has failed to state a claim against one of the defendants, the Court turns to Plaintiff Johnson's

11

Motion for Leave to Amend. The City of Atlanta opposes the Motion on the grounds that granting leave to amend would be prejudicial to it given the timelines in the Local Rules and the First Joint Preliminary Report and Discovery Plan. (City of Atlanta's Br. in Opp'n to Mot. for Leave to Amend, at 1-3). The Discovery Plan sets the start of discovery on November 22, 2023. (Doc. 17, at 6). The City of Atlanta argues that Local Rules 7.1(a)(2) and 7.2 do not permit parties to amend their complaints more than 30 days after the beginning of discovery, and Plaintiff Johnson did not seek leave to amend until after that point. (United States's Br. in Opp'n to Mot. for Leave to Amend, at 1-2). The City of Atlanta asserts, therefore, that Plaintiff Johnson's Motion is untimely. However, the City of Atlanta ignores the final proviso of Local Rule 7.1(a)(2): motions not listed in Local Rule 7.2 must be filed within 30 days after the beginning of discovery "unless the filing party has obtained prior permission of the Court to file later." N.D. Ga. Local R. 7.1(a)(2). This Motion seeks permission from the Court to file an amended complaint. The Court finds that the Motion is not barred as untimely and will analyze whether Plaintiff Johnson meets the requirements to amend her Complaint.

As stated above, Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Since a more carefully drafted complaint could state a claim against the City of Atlanta, Plaintiff Johnson "must be given *at least one* chance to

12

amend the complaint before the district court dismisses the action with prejudice," absent one of the exceptions to this rule. *Garcia*, 48 F.4th at 1220 (citation omitted). The only exception that the City of Atlanta raises is that granting leave to amend will be prejudicial to it. (City of Atlanta's Br. in Opp'n to Mot. for Leave to Amend, at 2-3). The City of Atlanta asserts that it would suffer prejudice because of the amount of time that has passed since discovery began. (*Id.*).

This is unpersuasive. The overwhelming weight of authorities holds that the expenditure of time, effort, or money to litigate an amendment does not constitute undue prejudice. *See, e.g.*, *D.H. Pace Co., Inc. v. OGD Equip. Co., LLC*, 515 F. Supp. 3d 1316, 1323 (N.D. Ga. 2021); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 455 (S.D.N.Y. 2016); *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 9-10 (D.D.C. 2013). Moreover, the fact that the parties agreed to a start date for discovery does not add any undue prejudice since the Local Rules explicitly allow for a party to seek permission from the Court, as explained above. Thus, the Court finds that granting leave to amend will not cause the City of Atlanta undue prejudice. The Motion for Leave to Amend is granted.

## IV.   Conclusion

For the reasons stated above, the Defendant United States's Motion to Dismiss [Doc. 15] is DENIED, Defendant City of Atlanta's Motion for Leave to

13

File a Motion for Judgment on the Pleadings [Doc. 20] is GRANTED, Defendant City of Atlanta's Motion for Judgment on the Pleadings [Doc. 21] is GRANTED, and Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 23] is GRANTED. Plaintiff shall be permitted to file an amended complaint within 21 days of the date of this Order.

SO ORDERED, this ___29th___ day of July, 2024.

THOMAS W. THRASH, JR.
United States District Judge